UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| KATHY WILLIAMS, ) | |
| ) | |
| Petitioner, ) | Civil No. 7:17-cv-14-GFVT-CJS |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| JANET CONOVER, WARDEN, ) | |
| ) | |
| Respondent. ) | |

\* \* \* \* \* \* \* \* \* \*

Petitioner Kathy Williams, by and through counsel, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (R. 1). In conducting a preliminary review of the § 2254 Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, it appeared that the Petition may be time-barred. Consequently, Petitioner was ordered to show cause as to why the Petition should not be dismissed as time-barred or to submit any information supporting equitable tolling of the statute of limitations. (*See* R. 3).

Petitioner filed a Response to Order to Show Cause, conceding the untimeliness of the Petition but asserting that the statute of limitations should be equitably tolled due to the failure of her counsel to correctly apply then recent Sixth Circuit precedent clarifying the deadline for filing federal habeas petitions. (R. 7). The Warden, in turn, filed a Response to Petitioner's Show Cause Filing (R. 11), to which Petitioner filed a Response to the Warden's Response, which the Court construes as Petitioner's Reply. (R. 12).

After review and consideration of the briefing submitted by both parties on the issue of the Petition's untimeliness, the Court finds that equitable tolling is not warranted in this case. Therefore, it will be recommended that the Petition (R. 1) be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

On January 12, 2004, Kathy Williams was indicted for murder. *Williams v. Commonwealth of Kentucky*, No. 2005-SC-000472-MR, 2007 WL 3225435, at *2 (Ky. Nov. 1, 2007). On April 22, 2005, following a trial by jury, Williams was convicted of murder and sentenced to life in prison. *Williams v. Commonwealth*, No. 2013-CA-001948-MR, 2015 WL 3429399, at *1 (Ky. Ct. App. May 29, 2015). Williams appealed her conviction to the Supreme Court of Kentucky, which entered a judgment affirming the conviction on November 1, 2007. *Williams*, 2007 WL 3225435. Then, on May 27, 2008, Williams filed a *pro se* motion to vacate, set aside, or correct her sentence under Kentucky Rule of Criminal Procedure ("RCr") 11.42. *Williams*, 2015 WL 3429399, at *1. The trial court later appointed counsel and held an evidentiary hearing on the motion. *Id.* On March 1, 2013, the trial court denied her RCr 11.42 motion, and Williams filed a motion to reconsider pursuant to Kentucky Criminal Rule 59.05, which was denied on September 4, 2013. *Id.* Williams then appealed the trial court's denial of her RCr 11.42 motion to the Kentucky Court of Appeals, which affirmed on May 29, 2015. *Id.* The Kentucky Supreme Court denied discretionary review of the motion on April 27, 2016. *Williams v. Commonwealth*, No. 2015-SC-000346-D, 2016 Ky. LEXIS 195 (Ky. Apr. 27, 2016). Williams, represented by counsel, filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on January 17, 2017. (R. 1).

## II. ANALYSIS

### A. Williams's § 2254 Petition was untimely filed.

Williams's Petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) which establishes a one-year statute of limitations for filing a federal petition for writ of habeas corpus. *See* 28 U.S.C. § 2244(d). The statute provides:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

2

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* The circumstance applicable here is "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Williams's state court conviction became final on January 30, 2008, which was ninety days following the Kentucky Supreme Court's November 1, 2017 decision affirming her conviction. *See Peak v. Webb*, 673 F.3d 465, 473 n.11 (6th Cir. 2012) ("A conviction becomes final when a petition for certiorari is denied or when the time for filing a petition for certiorari elapses.") (citing *Allen v. Hardy*, 478 U.S. 255, 258 n.1 (1986)). The statute of limitations, which began running on January 31, 2008,[1] was tolled for the period during which Williams's RCr 11.42 motion was pending in state court. *See Robertson v. Simpson*, 624 F.3d 781, 782 (6th Cir. 2010).

---

[1] In the March 21, 2017 Order instructing Petitioner to show cause (R. 3), the undersigned incorrectly stated that the 90-day period for seeking certiorari review of the Kentucky Supreme Court's November 1, 2007 affirmance of Petitioner's conviction and sentence expired on January 31, 2008 and the one-year limitations period began to run the next day, February 1, 2008. (*Id.* at 2). However, 90 days from November 1, 2007 is January 30, not January 31. Therefore, Petitioner had until January 30, 2008 to file a petition for certiorari, and the one-year limitations period began to run on January 31, 2008 rather than February 1.

3

Thus, the statute of limitations was paused when Williams filed her RCr 11.42 motion on May 27, 2008 and began running again on April 28, 2016, the day following the Kentucky Supreme Court's denial of discretionary review of the motion. In summary, 116 countable days had elapsed starting January 31 and ending May 26, the day before Williams filed the RCr 11.42 motion that stopped the clock. Following its completion, Williams had 249 of 365 days remaining within which to file a federal habeas petition—by January 3, 2017.[2] Williams filed her § 2254 Petition on January 17, 2017, two weeks late.

> **B.** **Williams seeks equitable tolling of the statute of limitations.**

In response to the Court's Order for Williams to show cause as to why the Petition should not be dismissed as time-barred, Williams concedes the Petition was untimely filed, but argues that equitable tolling should excuse the delay on account of the erroneous determination of the deadline by her counsel.[3] (R. 7). Williams argues that the circumstances surrounding the incorrect determination of the deadline by her counsel distinguishes the error from a "simple miscalculation" which the Supreme Court in *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007), found insufficient to justify equitable tolling. (*Id.* at 4-5). The circumstances surrounding the error by Williams's attorneys are as follows. Attorney Krista Dolan of the Department of Public Advocacy represented Williams through the state appeal of her RCr 11.42 motion. (*Id.* at 5). When passing the case to her colleagues, Aaron Baker and Katherine Blair, Attorney Dolan provided a transfer memo,

---

[2] The actual deadline was January 1, 2017. This, however, was a Sunday. And because the New Year's Day federal holiday was observed on Monday, January 2, 2017, Petitioner had until Tuesday, January 3, 2017 to file her Petition. *Bartlik v. U.S. Dep't of Labor,* 62 F.3d 163, 166 (6th Cir. 1995) (*en banc*) (when the statute of limitations expires on a weekend or holiday, it extends to the next business day); *also see* Fed. R. Civ. P. 6(a)(1)(C).

[3] Williams was represented by two attorneys from the Kentucky Department of Public Advocacy, Aaron Baker and Katherine Blair, for the filing of her § 2254 Petition. (R. 6). New counsel from the organization, Samuel N. Potter, substituted as counsel for the Response to the Show Cause Order due to the conflict presented by the argument in the Response that prior counsel erred in determining the deadline. (*Id.*; R. 9).

4

including her calculation of the federal habeas deadline. (*Id.*). However, Dolan erroneously used the date on which the direct appeal became final under Kentucky law, rather than the date the judgment was entered, which erroneously added twenty-one days to the limitations period. (*Id.*). In her transfer note, Dolan indicated she was unsure whether the date she was using was "the rendered by or final by" date, but informed counsel the later date was correct; thus, it can be inferred that Dolan was erroneously relying on the later, "final by" date in her calculation. (*Id.*). Williams argues this miscalculation amounts to gross negligence, as Dolan herself represented the petitioner in *Giles v. Beckstrom*, 826 F.3d 321 (6th Cir. 2016), in which the Sixth Circuit held— the day after Dolan sent her transfer memo regarding Williams—that courts should use the date judgment is rendered rather than the date a state court judgment becomes "final" under Kentucky law for purposes of calculating the federal habeas deadline. (*Id.* at 6-7). Furthermore, Dolan sent an email to all Kentucky Department of Public Advocacy post-conviction attorneys informing them of the ruling, stating "[t]hough it's something we've all been doing anyway, today the Sixth Circuit issued a published opinion . . . and . . . calculating a federal habeas deadline, runs from the state court's rendered-by date, not final-by date." (*Id.* at 21).

Williams further argues that Attorneys Baker and Blair were grossly negligent when they each recalculated the deadlines relying on the "final by" date used by Dolan without questioning or confirming the date, and by failing to apply the rule from *Giles*, even after Dolan's email notification about the recent ruling. (*Id.* at 7-8). Williams asserts that by failing to apply legal precedent that counsel were either aware of or ignored, they failed to provide competent and reasonably diligent representation in violation of the Kentucky Rules of Professional Conduct, amounting to the sort of "egregious behavior" warranting equitable tolling the Supreme Court contemplated in *Holland v. Florida*, 560 U.S. 631 (2010). (*Id.* at 6-8). Lastly, Williams argues

that the incompetent representation by her counsel constituted abandonment, rendering equitable tolling appropriate under *Maples v. Thomas*, 565 U.S. 266, 281 (2012). (*Id.* at 8-9).

      **C.**      **Equitable tolling is not appropriate in this case.**

For the reasons discussed below, equitable tolling is not appropriate in this case. The one-year statute of limitations for federal habeas petitions set forth in the AEDPA is subject to equitable tolling. *Holland*, 560 U.S. at 634, 645. However, the doctrine of equitable tolling is to be applied "sparingly," with the burden of proof placed on the party seeking its application. *Robertson*, 624 F.3d at 784. A habeas petitioner is entitled to equitable tolling only if he demonstrates the following two factors: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649. "Unprofessional attorney conduct may, in certain circumstances, prove 'egregious' and can be 'extraordinary,'" warranting equitable tolling. *Id.* at 651. Yet, "a garden variety claim of excusable neglect such as a simple miscalculation that leads a lawyer to miss a filing deadline does not warrant equitable tolling." *Id.* at 651-52 (quoting *Lawrence*, 549 U.S. at 336; *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)); *see also Giles*, 826 F.3d at 325 ("Generally, an attorney's misunderstanding of a filing deadline is not grounds for equitable tolling."). An attorney's abandonment of his client is one example of professional misconduct that may rise to the level of an "extraordinary circumstance" for purposes of equitable tolling, though abandonment is not a prerequisite to equitable tolling for attorney misconduct. *See Maples,* 565 U.S. at 281-83; *Collins v. White*, No. 15-6129, 2017 U.S. App. LEXIS 10282, at *5-6 (6th Cir. Mar. 2, 2017) (citing *Patterson v. Lafler*, 455 F. App'x 606, 610 (6th Cir. 2012); *Christeson v. Roper*, 135 S. Ct. 891, 895 (2015)).

For example, in *Holland v. Florida*, a death-row inmate, Holland, was assured by counsel representing him in the course of his state postconviction proceedings that upon exhaustion of his

state proceedings, his federal habeas corpus claims would be ripe for review. 560 U.S. at 635-36. After counsel appealed denial of state collateral relief to the state supreme court, a communication breakdown occurred, and during a two-year period, counsel communicated with Holland only three times by letter. *Id.* at 636. During this period, Holland wrote several letters to the state supreme court attempting to learn the status of his appeal and to seek removal of counsel from his case due to the lack of communication. *Id.* at 636-37. Holland also wrote multiple letters to counsel inquiring as to the status of his appeal and stressing the importance of timely filing a federal habeas petition following the state supreme court's ruling. *Id.* at 637-39. Counsel's letters in return reveal that counsel was mistaken about the deadline for filing a federal habeas petition. Specifically, counsel incorrectly stated that the statute of limitations would be tolled during the pendency of a petition for certiorari of the state supreme court's denial of state collateral relief and that the statute of limitations for federal habeas relief elapsed prior to counsel beginning his representation. *Id.* at 640-41. Holland, apparently doing his own research, pointed out these errors to counsel. *Id.* at 641-42. After learning on his own while working in the prison library that the state supreme court had denied relief five weeks prior, Holland filed his own habeas petition without the assistance of counsel, albeit late. *Id.* at 639-40.

Based on these circumstances, the Supreme Court held that "the facts of this case present far more serious instances of attorney misconduct" than a "garden variety claim of attorney negligence" and found that the case "may well be an 'extraordinary' instance" of attorney misconduct warranting equitable tolling. *Id.* at 652-53. The Court more specifically reasoned that although the case may at first appear to be an example of "simple negligence" due to counsel's apparent lack of awareness of the deadline, based on the surrounding circumstances, it could amount to more:

7

> Here, Collins failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. Collins apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. Collins failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And Collins failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters.

*Id.* at 652.

Turning to the first prong of the *Holland* test, the Court finds that Williams has not met her burden of showing that she diligently pursued her rights. In Williams's Response to the Show Cause Order, no arguments or facts are put forth regarding this prong of the test, with no comment whatsoever on Petitioner's diligence. Williams's Reply brief asserts that Williams had no reason to believe her attorneys were "not actively and diligently pursuing her claims," noting "no evidence . . . that the attorneys were not communicating with Williams and keeping her apprised of the status of her case." (R. 12, at 3). However, the burden of proving each element of the *Holland* test is on the Petitioner, and the few comments made in Williams's Reply do not satisfy Williams's burden of showing that she diligently pursued her rights. *Patterson*, 455 F. App'x at 610-11 (affirming for lack of diligence where habeas petitioner failed to play a proactive role in his case and finding "his arguments that he was unaware of the deadline because he was relying on a lawyer . . . unavailing"); *cf. Holland*, 560 U.S. at 653 (finding petitioner exercised "reasonable diligence" in pursuing his claims by sending multiple letters to counsel, repeatedly contacting the courts for information about his case, and filing a *pro se* petition when he realized through his own research that the deadline to file had passed).

Regarding the second prong, the erroneous determination by counsel of the deadline by which to file the habeas petition does not constitute an "extraordinary circumstance." To reiterate, it is well established that an attorney's miscalculation or misunderstanding of the deadline to file

8

a habeas petition does not amount to an "extraordinary circumstance" under the *Holland* test. *Holland*, 560 U.S. at 651-52 (citing *Lawrence*, 549 U.S. at 336; *Irwin*, 498 U.S. at 96); *see also Giles*, 826 F.3d at 325. Nevertheless, Williams asserts that the circumstances surrounding miscalculation by her attorneys resemble those in *Holland*. Like in *Holland* where the inmate pointed counsel to the correct rules to apply in order to correctly calculate the deadline, here, Williams's attorneys were either actually aware of the proper rule to apply from *Giles*, or were made aware of this rule by Attorney Dolan's email. 560 U.S. at 652; (*See* R. 7, at 6-7). In both cases, the attorneys "apparently did not do the research necessary to find out the proper filing date" after being put on notice about a possible error (or at least uncertainty in the calculation). *Holland*, 560 U.S. at 652. In the instant case, Attorney Dolan noted in her transfer memo that she was previously unsure whether the date she was using was the rendered by or final by date. (*See* R. 7, at 5).

This, however, is where the similarities end. Unlike *Holland*, which involved a communication lapse that lasted for years, here there is no evidence that counsel failed to communicate with Williams. (*See* R. 12, at 3) ("No evidence exists that the attorneys were not communicating with Williams and keeping her apprised of the status of her case."). Besides the apparent misunderstanding of the deadline calculation, there is no evidence Williams's counsel did not otherwise diligently represent Williams, filing a lengthy § 2254 Petition two weeks late. It is difficult to imagine a miscalculation of a habeas deadline that does not involve some lapse in research, misapplication of caselaw, or lack of attentiveness. Thus, while there are certain similarities between *Holland* and the instant case, the miscalculation by Williams's counsel in the course of otherwise diligent representation simply does not rise to the level of an extraordinary circumstance.

Furthermore, Williams's argument that she was effectively abandoned by counsel based on the precedent of *Maples v. Thomas* is not persuasive. Failing to adequately research and correctly apply caselaw does not approach the circumstances surrounding the missed deadline in *Maples* where counsel ceased representation of the petitioner without notice to the client or the court and without substitution of counsel. 565 U.S. at 270-71. As already noted, unlike in *Holland* where there was a communication lapse of years, Williams's counsel seemingly continued communicating with Williams and diligently prepared her Petition, with no evidence presented to the contrary. 560 U.S. at 636; *see also Robertson*, 624 F.3d at 785 (finding counsel's cocaine use may constitute effective abandonment warranting equitable tolling). Thus, Williams was not abandoned by counsel.

Lastly, Williams's attempt to distinguish the caselaw cited by the Warden does not salvage her Petition. The fact that *Lawrence*, *Giles*, and *Taylor v. Palmer*, 623 F. App'x 783 (6th Cir. 2015), each involved representation by one attorney rather than three is not legally significant. (*See* R. 12, at 2). Williams's argument that being represented by three attorneys gave her less of a reason to double-check the work of her attorneys would seem to support the diligence prong of the *Holland* test. (*Id.*). But as discussed above, Williams only touches on this prong in her Reply, and even then fails to sufficiently articulate an argument that she diligently pursued her rights. Williams's second argument, that equitable tolling is more appropriate in her case because the deadline to file was missed by only two weeks as opposed to over one hundred days in *Lawrence* and two hundred days in *Taylor* (by Williams's calculation), is also unavailing. (R. 12, at 3). The Sixth Circuit has held that "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day." *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003). In addition, Williams cites to no caselaw for the proposition that the length of the delay is legally relevant to courts considering the applicability of equitable tolling of the strict statute of limitations for federal

10

habeas petitions. *See Stojetz v. Ishee*, 892 F.3d 175, 190 (6th Cir. 2018) (noting the AEDPA provides a "strict" one-year statute of limitations for habeas petitions of state prisoners).

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, a district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. A certificate may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

In this case, Williams admits that her Petition was untimely, and she has not shown that equitable tolling is warranted. The legal authorities addressed herein dictate these outcomes as to untimeliness and lack of equitable tolling beyond reasonable debate. Accordingly, it will be recommended that a certificate of appealability be denied upon the District Court's entry of its final order in this matter.

### IV. CONCLUSION AND RECOMMENDATION

For the reasons stated herein, **IT IS RECOMMENDED** as follows:

1)   Petitioner Kathy Williams's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (R. 1) **be dismissed** as time-barred; and

2)   a Certificate of Appealability **be denied** in conjunction with the Court's entry of its final order in this matter.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rules Governing section 2254 Proceedings for the United States District Courts, Rule 8(b). Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Signed this 19th day of February, 2019.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\habeas petitions\2254PrelimsSOL\17-14-GFVT Williams R&R re SOL.docx