UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| KATHY WILLIAMS, | ) |
| | ) |
| Petitioner, | ) 7:17-cv-00014-GFVT-CJS |
| | ) |
| V. | ) |
| | ) **MEMORANDUM OPINION** |
| JANET CONOVER, WARDEN, | ) **&** |
| | ) **ORDER** |
| Respondent. | ) |
| | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Recommended Disposition filed by Magistrate Judge Candace J. Smith. [R. 13.] Petitioner Kathy Williams, through counsel, filed a petition to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. §2254. [R. 1.] Consistent with local practice, Judge Smith reviewed the petition and ultimately recommends that the Court deny Ms. Williams's Petition in its entirety.

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Recommended Disposition or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection must "explain and cite specific portions of the report which [defendant] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (internal quotations and citations omitted). A general objection that fails to identify specific factual or legal issues from the recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and

wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Petitioner Williams filed timely, specific objections on March 5, 2019. [R. 14.] Accordingly, the Court has an obligation to conduct a *de novo* review of the Magistrate Judge's findings. *See* 28 U.S.C. § 636(b)(1)(c). The Court has satisfied that duty, reviewing the entire record, including the pleadings, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules. For the following reasons, Ms. Williams's objections will be **OVERRULED,** and Judge Smith's Recommendation will be **ADOPTED**.

# I

Judge Smith's Recommended Disposition accurately sets forth the factual and procedural background of the case. The Court mentions only key facts to frame its discussion and analysis and incorporates Judge Smith's discussion of the record in this Order.

Kathy Williams was indicted for murder in the Commonwealth of Kentucky on January 12, 2004. *Williams v. Commonwealth of Kentucky*, No. 2005-SC-000472-MR, 2007 WL 3225435, at *2 (Ky. Nov. 1, 2007). After a jury trial, Ms. Williams was convicted of murder on April 22, 2005, and sentenced to life in prison. *Williams v. Commonwealth*, No. 2013-CA-001948-MR, 2015 WL 3429399, at *1 (Ky. Ct. App. May 29, 2015). She appealed, but the Supreme Court of Kentucky affirmed her conviction on November 1, 2007. *Williams*, 2007 WL 3225435.

Following this, Ms. Williams attempted to vacate her sentence by filing a *pro se* petition pursuant to Kentucky Rule of Criminal Procedure (RCr) 11.42 on May 27, 2008. *Williams*, 2015 WL 3429399, at *1. After appointment of counsel and an evidentiary hearing, the Kentucky court denied her RCr 11.42 motion on March 1, 2013. *Id.* She asked the court to reconsider,

which was denied on September 4 of that same year. *Id*. Ms. Williams appealed again, and on May 29, 2015, the Kentucky Court of Appeals affirmed denial of her RCr 11.42 motion. *Id*. The Supreme Court of Kentucky declined to review on April 27, 2016. *Williams v. Commonwealth*, No. 2015-SC-000346-D, 2016 Ky. LEXIS 195 (Ky. Apr. 27, 2016). Following exhaustion in Kentucky court, Ms. Williams petitioned this Court on January 17, 2017, to vacate her sentence, claiming her counsel at trial was ineffective for failure to object to prosecutorial misconduct and failure to investigate potentially mitigating evidence. [R. 1 at 37–70.]

## II

### A

Judge Smith recommended denying Ms. Williams' petition as untimely. [R. 13.] Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), Ms. Williams's Petition is subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d). That statute states:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). "A conviction becomes final when a petition for certiorari is denied or when the time for filing a petition for certiorari elapses." *Peak v. Webb*, 673 F.3d 465, 473 n. 11 (6th Cir. 2012) (citing *Allen v. Hardy*, 478 U.S. 255, 258 n. 1 (1986)). After a conviction becomes final, a defendant has ninety days from the entry of judgment by the appellate court to petition for a writ of certiorari. Sup. Ct. R. 13. Ms. Williams's conviction was upheld by the Supreme Court of Kentucky on November 1, 2007, giving her until January 30, 2008, to petition for a writ of certiorari from the Supreme Court of the United States. *Williams v. Commonwealth of Kentucky*, No. 2005-SC-000472-MR, 2007 WL 3225435 (Ky. Nov. 1, 2007). Because she did not seek certiorari, her conviction became final and the one-year statute of limitations began to run on January 31, 2008.

However, this statute of limitations was tolled while Ms. Williams pursued collateral relief under Kentucky Criminal Rule 11.42. *Robertson v. Simpson*, 624 F.3d 781, 782 (6th Cir. 2010). She filed that motion on May 27, 2008, meaning that 116 days had elapsed between the finality of her conviction and the tolling activity. After the judgment denying her RCr 11.42 motion, Ms. Williams only had 249 days remaining in her statute of limitations by which to file a federal habeas petition. 28 U.S.C. § 2244(d)(2). That deadline expired on January 1, 2017, but because that day fell on a weekend, and January 2, 2017, was a federal holiday, Ms. Williams had until Tuesday, January 3, 2017, to file her habeas petition. Fed. R. Civ. Pr. 6(a)(1)(C). Instead, Ms. Williams filed her petition on January 17, 2017, which Magistrate Judge Smith decided was too late. [R. 13 at 4.]

**B**

Before filing a Recommendation, Judge Smith required Ms. Williams to address the timeliness of the motion. [R. 3.] Ms. Williams argued that equitable tolling should excuse any

4

delay, as her counsel had miscalculated the deadline due to the "complex nature of this endeavor." [R. 12 at 2.] Ms. Williams has, at all relevant times, been represented by the Kentucky Department of Public Advocacy. During her RCr 11.42 motion, she was specifically represented by Krista Dolan. Before giving the case to her colleagues, Ms. Dolan drafted a "transfer memo" in which she included an incorrect calculation of the federal habeas deadline. [R. 13 at 4–5.] Ms. Williams argues that this was gross negligence, as Ms. Dolan appeared as counsel in a relevant Sixth Circuit case at the same time where the Sixth Circuit directly instructed her on the calculation for the statute of limitations. *Id*.; *Giles v. Beckstrom*, 826 F.3d 321 (6th Cir. 2016).

After the resolution of the RCr 11.42 motion, Ms. Dolan passed the case to Aaron Baker and Katherine Blair, also of the Department of Public Advocacy. [R. 13 at 5.] Mr. Baker and Ms. Blair recalculated the deadline but failed to confirm the date on which the judgment became final and failed to apply the rule from *Giles v. Beckstrom*. *Id*. Ms. Williams also argues that Mr. Baker and Ms. Blair were grossly negligent. *Id*. After Mr. Baker and Ms. Blair filed the federal habeas petition, Samuel Potter was substituted as counsel for Ms. Williams. [R. 9.] Mr. Potter now argues that the negligence of Ms. Dolan, Mr. Baker, and Ms. Blair constitute "egregious behavior" and "abandonment," warranting equitable tolling of the statute of limitations under *Holland v. Florida*, 560 U.S. 631 (2010), and *Maples v. Thomas*, 565 U.S. 266 (2012). [R. 7 at 7–9.]

Judge Smith disagreed. In the Recommended Disposition, Judge Smith determined that equitable tolling was not appropriate because the missed deadline was a result of excusable neglect. [R. 13 at 6.] Under *Holland*, miscalculation by an attorney that results in a missed filing deadline is not sufficient to warrant equitable tolling of the statute of limitations. 560 U.S.

at 651–52. Additionally, Judge Smith determined that a missed deadline did not amount to "abandonment" of Ms. Williams either. [R. 13 at 10.] Ms. Williams objected to both of these determinations.

1

In *Holland v. Florida*, Mr. Albert Holland was convicted of murder and sentenced to death in 1997. 560 U.S. 631, 635 (2010). He pursued the appeal of this Florida conviction until the Supreme Court of the United States denied his petition for certiorari in 2001. *Id*. Following denial, Florida appointed attorney Bradley Collins to represent Mr. Holland in his postconviction proceedings. *Id*. Mr. Collins filed a petition for postconviction relief in Florida state court twelve days before the one-year statute of limitations ended for federal habeas relief, automatically stopping the AEDPA clock. *Id*. at 635–36.

While Mr. Holland's state postconviction motion proceeded in Florida state court, he continually wrote letters to Mr. Collins requesting information about his federal postconviction review, to which Mr. Collins assured him all claims were preserved and deadlines were being monitored. *Id*. at 636. Florida denied the postconviction petition in May of 2003, and Mr. Collins appealed that determination. *Id*. However, during the two years while appeal was pending, Mr. Collins only communicated with Mr. Holland three times, and only via letter. *Id*. This lack of communication concerned Mr. Holland, who wrote various letters to the Florida Supreme Court, the Clerk of the Florida Supreme Court, the Florida Bar Association, and to Mr. Collins himself, expressing displeasure with his counsel and requesting status updates on his case. *Id*. at 636–38. In November of 2005, the Florida Supreme Court affirmed denial of Mr. Holland's postconviction petition, and a mandate issued on December 1, 2005, rendering the decision final and the AEDPA clock resumed. *Id*. at 638. Mr. Collins did not find out until

January 18, 2006, that the Florida Supreme Court had issued a final ruling in his case, at which point he immediately drafted a *pro se* federal habeas petition and mailed it to the Federal District Court for the Southern District of Florida. *Id.* at 639.

The Supreme Court determined that equitable tolling might apply in Mr. Holland's case.[1] To be entitled to such, a petition must demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). First, the Supreme Court determined that Mr. Holland had diligently pursued his rights because of his numerous letters requesting assistance and information, as well as his attempts to remove Mr. Collins from the case. *Id.* at 653. Additionally, while recognizing that miscalculations and excusable neglect by an attorney does not warrant equitable tolling, the Supreme Court found Mr. Holland's case presented "far more serious instances of attorney misconduct." *Id.* at 651–52. An attorney's failure to file the petition on time and failure to determine the proper date on which the limitations period expired suggested "simple negligence." *Id.* at 652. But, the Supreme Court noted potential extraordinary circumstances where Mr. Holland had repeatedly written his attorney urging him to file the petition, where Mr. Collins had failed to perform the necessary research even after Mr. Holland had identified the correct legal rules, where Mr. Collins had failed to communicate with Mr. Holland for several years, and where Mr. Collins had failed to inform Mr. Holland about the decision in his state postconviction petition. *Id.*

---

[1] While the Supreme Court in *Holland* outlined the standard and reversed the district court's determination on his diligence, the Supreme Court ultimately remanded the case to the Court of Appeals to determine whether the second factor, "extraordinary circumstances," was met. *Holland*, 560 U.S. at 654. At the Eleventh Circuit, the case was remanded again to the District Court for further proceedings. *Holland v. Florida*, 613 F.3d 1053 (11th Cir. 2010). The Southern District of Florida ultimately decided that extraordinary circumstances existed here because Mr. Holland was appointed counsel and could not proceed *pro se* so long as he had counsel, but also had no way of removing Mr. Collins as his counsel in order to retain a different attorney or proceed *pro se*. *Holland v. Florida*, CASE NO. 06-20182-CIV-SEITZ/O'SULLIVAN, R. 112 at 6 (S.D. Fl. Nov. 23, 2010).

None of those circumstances apply to Ms. Williams's case. Ms. Williams claims that testifying at trial, filing a *pro se* postconviction motion in Kentucky state court, and actively participating in her representation all demonstrate that she was "diligently pursuing her claims." [R. 14 at 2.] However, counsel for Ms. Williams admits that "her involvement was less than what occurred in *Holland*." *Id*. Unlike Mr. Holland, Ms. Williams gives the Court no indication that she encouraged her attorneys to meet the deadline or that she requested notice by those attorneys of the deadlines. *See Patterson v. Lafler*, 455 F. App'x 606, 610 (6th Cir. 2012). Ms. Williams has not indicated that her counsel ignored her requests for communication. *See id*. at 611. Any argument that she was simply unaware of the deadline because she was relying on the attorney does not excuse her lack of pursuance of her federal claims. *Id*. The burden of proving the *Holland* elements rests on Ms. Williams, and she has not sufficiently shown that she diligently pursued her claims.

Even if she could demonstrate diligence, Ms. Williams cannot establish extraordinary circumstances exist here. Ms. Williams has not claimed that she attempted to terminate her representation, that she tried to have her attorneys file her petition earlier, or that she was unable to communicate with her attorneys. A simple miscalculation of a deadline does not establish "extraordinary circumstances." *Holland*, 560 U.S. at 651–52. Aside from the miscalculation, Ms. Williams asserts no facts to suggest her counsel was otherwise deficient. The miscalculation was, no doubt, detrimental to Ms. Williams's case. However, as Magistrate Judge Smith noted, "It is difficult to imagine a miscalculation of a habeas deadline that does not involve some lapse in research, misapplication of caselaw, or lack of attentiveness." [R. 13 at 9.] Just because her attorneys should have known the correct deadline and failed to arrive at that conclusion does not elevate "a garden variety claim of excusable neglect" to constitute "extraordinary

8

circumstances." *See Holland*, 560 at 651–52.  Accordingly, the Court agrees with the Magistrate Judge and finds that Ms. Williams meets neither prong of the *Holland* test to justify equitable tolling.

**2**

Ms. Williams also objects to Judge Smith's finding that she was not abandoned by her counsel.  [R. 14 at 3.]   Similar to Mr. Holland, Cory Maples was also sentenced to death in 1997 for murder, this time in Alabama.  *Maples v. Thomas*, 565 U.S. 266, 270 (2012).  He was also appointed counsel, two New York lawyers at the same firm, who filed a postconviction petition in Alabama state court.  *Id*.  However, while the petition was pending, his attorneys left the appointed law firm without telling Mr. Maples and without seeking leave to withdraw as counsel.  *Id*. at 270–71.  Alabama denied his petition, and without counsel of record, the time to appeal that determination expired.  *Id*. at 271.  He exhausted his state postconviction remedies, with no success, and filed a federal habeas petition for ineffective assistance of counsel.  *Id*. at 278.  However, because he had missed the deadline to appeal, the court found he had procedurally defaulted those claims.  *Id*. at 279.  The Eleventh Circuit affirmed.  *Id*.  The Supreme Court reviewed, finding that abandonment by an attorney would constitute "extraordinary circumstances beyond his control" as required by *Holland*.  *Id*. at 282–83.  Ultimately, the Supreme Court determined Mr. Maples had been abandoned because he was left without a functioning attorney of record and had received no notice or indication that he should find a new attorney or represent his claims on his own.  *Id*. at 288–90.

Although Ms. Williams admits that her case is different than the abandonment in *Maples*, she maintains that she was abandoned by her attorneys "through their misconduct."  [R. 14 at 3.]  A mistake by counsel does not evidence a "total abdication of their role as advocate," as Ms.

Williams claims. *Id*. She points to no indication that her attorneys failed to communicate with her, failed to file any motion, failed to keep her apprised of the status of her case, or failed to notify her of their withdrawal from the case. Ms. Williams's counsel made a mistake, but counsel did not cease representation of her claims. Therefore, the Court also agrees with Magistrate Judge Smith's determination that Ms. Williams's attorneys did not abandon her.

**III**

After reviewing *de novo* the entire record, as well as the relevant case law and statutory authority, the Court agrees with Judge Smith's thorough analysis of Ms. Williams's claims. The Court also denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) as to each issue asserted. Under Rule 11 of the Federal Rules Governing § 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant . . .." Rules Governing Section 2254 Proceedings, Rule 11. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As set forth by the United States Supreme Court, this standard requires the petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, the Court believes that this order, which adopts and incorporates by reference the Magistrate Judge's Recommendation, is not debatable enough to issue a certificate of appealability. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Petitioner Kathy Williams' Objections to the Magistrate Judge's Report and Recommendation [**R. 14**] are **OVERRULED**;

2. The Magistrate's Report and Recommendation [**R. 13**] as to Petitioner Kathy Williams is **ADOPTED** as and for the opinion of the court;

3. Ms. Williams's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED**;

4. A Certificate of Appealability is **DENIED** as to all issues raised by Petitioner; and

5. **JUDGMENT** in favor of the Respondent will be entered contemporaneously herewith.

This the 18th day of March, 2019.

*Gregory F. Van Tatenhove*
United States District Judge